# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>PAUL EVERETT KILLMAN,<br><br>    Defendant. | Case No. CR-14-028-RAW |

## ORDER

Before the court is Defendant's motion to dismiss the Indictment pursuant to Fed. R. Crim. P. 12(b)(3)(B)[1] [Docket No. 24]. On or about February 10, 1997, Defendant was convicted by the United States of America Air Force of the following felonies: two counts of committing indecent acts, two counts of indecent liberties, one count of indecent acts with another, one count of receipt of child pornography, and one count of possession of child pornography. See Indictment, Docket No. 2.

The Indictment in this action charges that based on those 1997 convictions, Defendant is an individual required to register as a sex offender under the Sex Offender Registration and Notification Act (hereinafter "SORNA"), 18 U.S.C. §§ 2250(a)(1), 2250(a)(2)(A) and 2250(a)(3), and that he failed to register from in or about December 2011 until on or about March 5, 2014, in the Eastern District of Oklahoma and elsewhere, in violation of SORNA. Id.

---

[1] An indictment is tested under Rule 12(b) solely on the basis of the allegations made on its face, and those allegations are taken as true. United States v. Hall, 20 F.3d 1084, 1087 (10th Cir. 1994). Generally, in testing the legal sufficiency of an Indictment, the court will not consider evidence beyond the face of the Indictment. Id.

Defendant argues that SORNA, 42 U.S.C. § 16913, and its enforcement provision, 18 U.S.C. § 2250, are unconstitutional, both facially and as applied to him. Specifically, he argues that SORNA violates: (1) the Tenth Amendment, as state officials must enforce and administer the law; (2) the Ex Post Facto Clause by increasing the punishment for a previous conviction; and (3) the Non-Delegation Doctrine, as it gives the Attorney General the power to decide whether it should be extended to those persons whose sex-offense convictions pre-date the Act without providing an intelligible principle to make that decision. For the reasons set forth below, the motion is hereby denied.

**Tenth Amendment**

Defendant argues that SORNA forces state officials to enforce a regulatory system, thereby violating the Tenth Amendment and principles of federalism. As the Government argues, SORNA does not force states to register sex offenders. SORNA provides that its provisions "that are cast as directions to jurisdictions or their officials constitute, in relation to States, only conditions required to avoid the reduction of Federal funding under this section." 42 U.S.C. § 16925(d). States can choose whether or not to register sex offenders. For this reason, SORNA does not violate the Tenth Amendment. United States v. Stock, 685 F.3d 621, 626 (6th Cir. 2012); United States v. Felts, 674 F.3d 599, 606-08 (6th Cir. 2012); United States v. Johnson, 632 F.3d 912, 920 (5th Cir. 2011).

**Ex Post Facto Clause**

Defendant concedes that the Tenth Circuit has ruled that neither SORNA's registration requirements nor the criminal penalties attached to non-compliance violate the Ex Post Facto Clause. United States v. Lawrance, 548 F.3d 1329 (10th Cir. 2008). Defendant states that he

includes this argument to preserve it for further review. As Defendant concedes the Circuit has already ruled on this issue, the court will not address it further here.

**Non-Delegation Doctrine**

Defendant argues that Congress delegated to the Attorney General the power to decide whether SORNA should be extended to those persons whose sex-offense convictions pre-date the act without providing an intelligible principle to make that decision. "A delegation is 'constitutional if Congress clearly delineates the general policy, the public agency which is to apply it, and the boundaries of this delegated authority.'" United States. V. Guzman, 591 F.3d 83, 92-93 (2d Cir. 2010) (quoting American Power & Light Co. v. SEC, 329 U.S. 90, 105 (1946)). SORNA's delegation to the Attorney General meets the "intelligible principle" test. Id. at 93. It is an appropriate delegation of power that was properly limited. Id. "The Supreme Court has upheld much broader delegations than these." Id. Moreover, the Supreme Court has expressly recognized that the difficulty in applying SORNA to pre-SORNA offenders may well have been the reason Congress granted the Attorney General discretion therein. Reynolds v. United States, 132 S.Ct. 975, 981-982 (2012).

Accordingly, Defendant's motion to dismiss the Indictment [Docket No. 24] is hereby DENIED.

It is so ORDERED this 11th day of April, 2014.

**Dated this 11th day of April, 2014.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma